### RICKARD *vs.* STANTON.

Where a party, by a *fraudulent representation* of being the owner of land, induced another to bestow labor upon it in the expectation of enjoying the property as a joint owner, the latter party, on discovery of the fraud, may abandon the contract under which the labor was performed, and recover on the common count of *indebitatus assumpsit*, the value of the work done.

It is no objection, in such case, that the contract is for an interest in lands and is not in writing.

ERROR from the Montgomery common pleas. Stanton sued Rickard in assumpsit, declaring for work, labor and services. The defendant pleaded the general issue. The cause was heard by referees, who made a report in favor of the plaintiff for $371,78. Besides the general report, the referees made a *special report* of the evidence adduced before them; from which it appeared that a *parol* contract had been entered into between the parties, whereby it was agreed that the plaintiff should erect a saw-mill on a certain lot, *represented by the defendant as belonging to him;* the defendant to furnish timber and plank and to advance $100 in cash, and the plaintiff to do all the work and labor necessary in the erection of the mill, and after the completion of it, the parties to be joint owners thereof. The terms upon which the mill should be occupied after its completion were also agreed upon. The plaintiff commenced and proceeded in the building of the mill, but before its completion ascertained that the defendant did not own the lot upon which it was erected, whereupon he abandoned the contract and brought his action to recover the value of his labor. On the hearing before the referees it was proved, that at the time of the making of the contract the lot did not belong to the defendant, and that subsequent to the contract it was purchased from the owners by a third per-

VOL. XVI. 4

ALBANY,
Oct. 1836.

Rickard
v.
Stanton.

son, with the approbation of the defendant. The common pleas of Montgomery rendered judgment for the plaintiff on the special report of the referees. The defendant sued out a writ of error.

*D. F. Sacia,* for plaintiff in error, insisted that the contract being for an interest in lands and not being in writing, there could be no recovery upon it ; that at all events the plaintiff was not entitled to recover on the general count of *indebitatus assumpsit* for work and labor, but should have declared specially. He also urged various other considerations to show that the plaintiff ought not to have had a report in his favor.

*D. Eacker,* for defendant in error, insisted that the defendant below never having had the ability to perform his part of the agreement, was not at liberty to urge the existence of the agreement in opposition to a recovery, but was bound to pay whatever was justly due to the plaintiff; and that having been guilty of a fraudulent representation in respect to his ownership of the property, the plaintiff might abandon the contract and recover for the labor performed under the common counts. In support of these propositions he cited 2 Esp. N. P. R. 637; Idem, 521 ; 1 id. 267 ; 2 Kent's Com. 469 ; Powell on Contracts, 246 ; 5 T. R. 716 ; 12 Johns. R. 274 ; 13 Wendell, 54.

*By the Court,* Cowen, J. No objection to the declaration was made in the court below. It is raised here for the first time, and comes too late. I should think, however, it is the proper declaration for this case. The defendant below drew in the plaintiff below to perform labor, on a fraudulent representation that he had a title to the land upon which the mill was to be erected, and could communicate a right to the defendant below as a tenant in common. On discovering that the defendant had not title, the plaintiff below rescinds the contract, and sues in general *indebitatus assumpsit.* That he may do. The law will imply a promise to pay for the labor, *Whipple* v. *Dow,* 2 Mass. R. 415,

on the same principle that it would raise a promise to repay money advanced on such a fraudulent representation. See 2 Kent's Com. 469, 470, and the cases there cited.

We cannot, on error from the common pleas, look into the weight of evidence as to the fraud; or judge whether too much has been allowed as the value of the labor. See 11 Wendell, 477. 2 id. 303. 5 Cowen, 587.

The objection that the contract was within the statute of frauds is not available. The action is not for a breach of a contract to convey land, but for the value of services which the plaintiff below was fraudulently drawn in to perform. This was under a contract by parol, and therefore void at law, it is true; but the plaintiff below might have enforced a performance of the oral contract by bill in equity, had the defendant been owner. Instead of that he draws the plaintiff in to commit a trespass upon another. The least the plaintiff is entitled to, is a full compensation for his labor. It has long been settled, that though a promise to pay the debt of a third person is void by the statute of frauds, yet a fraudulent misrepresentation as to his circumstances is the ground of an action. Money paid on a parol contract, to purchase land, may be recovered back, on the ground that such contract being void, there is a failure of consideration. *Rice* v. *Peet,* 15 Johns. R. 503. Per Savage, C. J., in *Thayer* v. *Rock,* 13 Wendell, 54.

Judgment affirmed.