### A. VANCE BROWN, Plaintiff in Error, vs. JAMES MANNING, Defendant in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Where in the absence of fraud, the grantee in a conveyance of land, with covenants, &c., has obtained any benefit by the conveyance or acquired any estate or interest whatever under it, in the premises, he cannot set up defects or want of title in his grantor, in defence of an action for the purchase money, nor rescind the contract and recover back what he has paid, but must rely upon his covenants. The covenants are inserted in the deed, as a reliance and protection in the event of an outstanding title which may defeat the purchaser.

Upon the discovery of fraud in a contract, a party may rescind the contract, and bring his action to recover whatever he has paid upon it, or for the value of any services or materials he may have rendered or furnished under it; and the fact that it is a contract for an interest in lands, does not change the rule, whether by parol or in writing.

If the Defendant, by representing to the Plaintiff, facts relating to the ownership or possession of land, which he knew to be false, induced him to enter into a contract which he otherwise would not have done, and which is to his damage, then the contract was tainted with fraud and void.

The mere fact of giving a deed to a Plaintiff, while there was a Warranty Deed, on record, of the same land, to another party, does not *per se*, constitute fraud, because it might be safe for him to take such a deed and rely upon the covenants for his security. But false representations to the effect that there was no such outstanding title, intended to deceive the purchaser, would make the transaction fraudulent.

The Plaintiff below in his complaint states that he performed a certain work and labor for the Defendant, for which he was to be paid by a particular lot of land in the city of St. Paul. That Defendant executed a Warranty Deed for said lot to him, but that the same was fraudulent, for the reasons, that long before the employment of the Plaintiff to do the work, and the agreement to pay therefor with said lot, the Defendant had sold and conveyed the same by Warranty Deed to one Levoy, which Deed was recorded before the date of the agreement, and said Levoy in possession of the lot. That at the time Defendant contracted with Plaintiff as aforesaid, he (Defendant,) knew that he was not the owner of, or in possession of said lot, and knew that he was fraudulently deceiving and defrauding said Plaintiff in regard thereto. That Plaintiff believed and relied on said false and fraudulent representations, and performed said work. That at the time the contract was made, Defendant stated and represented that he was the owner of said lot, and that Plaintiff was thereby induced to enter into said contract. That the same representations were made at the time he deeded the lot, and that the same were false and fraudulent, and known by Defendant to be so.

That Plaintiff obtained no title by such Deed, and claimed damages, &c.

The Defendant *answered*, denying that said Levoy had ever been in possession of said lot, and denying that he ever at any time represented that he, Defendant, was the owner of the lot, or that the Plaintiff ever relied upon such representation. He further alleges, that at the time he agreed to convey said lot, he was the owner thereof and had good right to convey the same, that the Plaintiff had a good right to take possession of said lot ever since the date of Defendant's deed to [him, with-

out obstruction from any one; and, that he (Defendant,) had, since the date of the commencement of this action, acquired a perfect title to said lot.

To this answer, the Plaintiff demurred, and the demurrer was sustained ; judgment was rendered in favor of the Plaintiff, and the Defendant caused a Writ of Error to issue, to review this judgment.

The following are points and authorities relied upon by the counsel for Plaintiff in Error:

*First.*—The demurrer does not specify the grounds of objection, but generally alleges that the answer does not state facts sufficient to constitute a defence.   It should state *specifically in what respect the defences are defective.*   6 *Pr. R.*, 361; *Revised Statutes Amended, p. 9, sec.* 26.

*Second.*—An answer is not demurrable, unless it contains a *defective counter claim.*   2 *Sand, S. C. R.*, 702 ;  3 *Code R.* 206.   Immaterial matter cannot be demurred to.  *Ib.*   The demurrer being to the entire answer, and there being denials in the answer, which are not demurrable, the demurrer is bad. *Ib.* 1 *Code R.*, (*N. S.*) 347 ; 1 *Denio*, 414.   The *gist* of the action is the fraudulent representations.   2 *Kent's Com.* 471-6; 2 *Johns. Ch. R.*, 519 ; 5 *Paige*, 300 ; 21 *Wen. R.*, 132 ; 25 *Ib.* 107.

*Third.*—The plea of title perfected since the commencement of the action, is a good defence by way of *cross bill*, in the nature of a plea *puis darrien* continuance.   *Fenton vs. Williams*, 11 *Paige*, 18; *Session Laws of* 1853, *p.* 20 *sec.* 6.   Any defects as to certainty in the plea, could only have been reached by motion.   1 *Code R., N. S.*, 270 ; *Rev. St. amend p.* 9, *sec.* 27.

*Fourth.*—When no *fraud, deceit or mistake,* appears, and the *contract is executed* by the delivery and acceptance of a deed, the vendee cannot sue for the recovery of the purchase money on failure of title in an action for money had and received or otherwise, but he will be left to the covenants in his deed, and if he have omitted to take covenants, he will be without remedy.   2 *Kent's Com.*, 471-6 ; 2 *Johns. Ch. R.*, 519 ; 5 *Paige*, 300 ; 1 *Dana, Ky.. R.*, 305 ;  21 *Wen. R.*, 132 ; 25

*Ib.* 107. The contract being executed, will not be rescinded. 25 *Wen.* 115, *and authorities therien cited.*

*Fifth.*—All fraud being denied, the only ground on which the vendee in this case seeks to recover back what he has paid, must be failure of consideration. But such action is not maintainable.

1. Because the vendee must sue on the covenants in his deed. *Ib.*

2. Because though the title had failed, the conveyance of the land with a covenant of warranty, was a sufficient consideration for the payment of the purchase money. 21 *Wen.* 132.

3. The vendee has not shown an eviction. *Ib.* The delivery of the deed to him, and the undisturbed right to take possession, is equivalent in law to possession. *R. S.* 211, *sec.* 1 & 7; 21 *Wen. R.,* 132.

4. The vendee to show a failure of consideration, should have alleged an eviction, or that he had *derived no benefit from the conveyance.* The allegation that he obtained no title by the deed, is not sufficient. 21 *Wen.* 132; 25 *Ib.* 114, 118. The *onus* of showing the failure lies in the vendee. 25 *Ib.* 118.

5. The complaint does not show the want or failure of title. The pleadings admit that the vendor had the right to convey. The allegation in the complaint, of a conveyance to one Levoy, does not show an outstanding title. It is but a statement of the evidence to show title in Levoy, and as a matter of evidence it is not sufficient. It does not state that the deed was *delivered nor the estate conveyed, nor how the deed was executed.* The deed may have been waived or of no effect for irregularity or non-delivery, or the estate conveyed may have expired. The complaint does not allege that the vendor had *no estate or interest which* passed by the conveyance to the vendee. 25 *Wen.* 113.

*Sixth.*—The vendee does not propose to re-deed the property, or to cancel his deed and covenants, or to surrender them to the vendor, and since he retains every thing for which he paid, and does not propose to rescind, it would be inequitable to restore him his money. The maxim is, " He who seeks equity must do equity."

The following are the points and authorities relied upon by the counsel for Defendant in Error :

*First.*—The demurrer is sufficiently specific. A demurrer by statute, is allowed for six causes. *Statutes, page* 337, *sec.* 61. Now, notwitstanding Section 62 says, " That the demurrer must distinctly specify the grounds upon which any of the objections are taken," yet it has always been held that an objection for the first and sixth causes, (this being for the sixth,) need only be taken in the general words of the statute. *Voorhies Code*, 5 *Ed.* 159 ; *note to subdv.* 6, *and p.* 160, *sec.* 145; *note b, and cases cited;* 1 *Code R.* 59, 2*d, Id.* 56; *Id.* 2 ; *Id*, 59 ; 4 *How. Pr.* 226 ; 5 *Ib.* 112 ; 6 *Id.* 255 ; *Id.* 361 ; 7 *How. Pr.* 278 ; 8 *Id.* 177.

And the amendment to the statute on page 9, saying that the Plaintiff may demur to the answer, " stating in his demurrer the grounds thereof," not being in such strong language even as Section 62, of the original statute, certainly cannot be construed to require a more specific statement of the objection. *Amendments to R. S., p.* 9, *sec.* 71.

The rule, too, is one of common sense, for of course, if the answer contains no defence, the Plaintiff is at any time entitled to judgment, and it would be absurd to require him to argue his case in the demurrer, when on the trial he might move for judgment on the pleadings without any notice whatever.

(*a*) But the Plaintiff in Error having taken issue on the demurrer, and argued it, cannot now object that it is not sufficiently specific ; his remedy if it was not specific, was to have disregarded it, (*Statute,* 337, *sec.* 62,) or to move to have the demurrer made more definite or struck out. 3 *Kernan,* 89. It was, if anything, simply *irregular,* and if not taken advantage of by motion or by disregarding it, the irregularity is waived. 2 *Hill,* 540.

*Second.*—The answer is demurrable, if the facts it sets up constitute no defence, whether those facts are in the nature of a counter claim or only confession and avoidance, *i. e.* new matter of any kind. *See sec.* 71, *of amendments to R. S., p.* 9.

(*a*) Cases in *New York e. g.* 2 *Sanford,* 102 ; 13 *Code Reporter*, 206, holding that only an answer containing a counter

claim could be demurred to, were founded on an old New York Code, which read, " When the answer contains a counter claim, it may be demurred to." On account of those decisions, the New York Code was amended, so as always to allow a demurrer to an answer. *N. Y. Code of* 1855, *and amendment of* 1857, *sec.* 153, (131,) *Voorhies Code, 5th Ed.,* 179; *Title Reply and note e., sec.* 153; *Code of* 1848, *and amendments of* '49, '51, '52, '55 *and* '57.

Of course if there is a sufficient denial of any material allegation of fact in the complaint, the demurrer cannot be sustained ; but useless, insufficient, immaterial denials, which leave undenied facts sufficient to constitute a cause of action, certainly cannot make an answer good. *Try the complaint by undenied allegations and it still remains good.*

*Third.*—The action is brought on a *quantum meruit* for work and labor, and the *gist* of the action is the work and labor and not the fraud. The fraud is alleged only for the purpose of avoiding the effect of the special contract to take pay in a lot. It was not necessary to put it in the complaint at all, but only to frame the complaint on the common count. If the Defendant had pleaded the special contract in his answer, Plaintiff would have had to reply showing the fraud in that special contract, and that he had on that account rescinded it. There being no pleading after a reply, and its allegations being taken as denied, of course, we should have had to go to trial at the circuit. Instead of that we anticipate the Defendant's defence, by setting it out in our complaint, and at the same time show its defect by alleging the fraud.

Our cause of action then remains the same for work and labor. We have rescinded the old contract on the ground of fraud. Of course then, if the Defendant has denied the fraud an issue of fact is raised, on which we must go to trial, and the demurrer cannot be sustained, otherwise the demurrer is well taken, and judgment must be affirmed.

(a) In a case like this, a party may rescind the contract on the ground of fraud, and sue on the *quantum meruit*. *Richard vs. Stanton,* 16 *Wend.* 25; 6 *John.* 110; 8 *John.* 79. The whole contract by the ingredient of fraud is made void and

a vendee (if it were chattels,) would get no title, and when it is' labor cannot claim that the labor is paid for. 1 *Hill*, 311 ; 1 *Hill*, 302 ; 2*d Kent Com.*, 469 ; *Powell on Contracts*, 246 ; 5 *Term Reports*, 716 ; 12 *Johns.* 274 ; 2*d Mass.*, 415.

*Fourth.*—Now, is the fraud denied ?

(*a*) The complaint states various facts, and from them charges and infers fraud. The answer admits the facts but denies the inference.

(*b*) It does not deny that Defendant had given a warranty deed to Levoy before he made the contract or gave the deed to Plaintiff. From that fact the inference is clear that Defendant had no title, and knew he had none when he conveyed to Plaintiff. That in itself is a fraud. *Statute*, 505, *sec.* 40. It is a *suppressio veri* which is quite as much fraud as an *assertio falsi*. He *knew he had no title*, and yet suppressed the truth and sold to Defendant in Error.

(*c*) The fact of his claiming to sell the land to Plaintiff, and giving him a warranty deed of it, is in itself an assertion or representation of title, and that Plaintiff took said deed and afterwards found Defendant had no title, shows that Plaintiff did rely on the assertions of Defendant. Besides the contract to give the lot creates a duty to do so, and a breach of that duty is a fraud. 1 *Smith's L. Cases*, 335, *case of Boornyn vs. Brown*, 3 *Queen Bench*, 526.

(*d*) Defendant claims that at the time he made the contract he had title and a right to convey, which is a conclusion of law, and in direct opposition to the *fact he does not* deny of his previous conveyance to Levoy.

(*d*) If Levoy had a recorded deed, it was not necessary for him to take actual possession in order to make his title good. The deed itself is equivalent to a livery of seizin. But Plaintiff could not take possession, because his deed was wholly void as against Levoy, and he would have been a mere tresspasser.

(*e*) The cases holding that an executed contract cannot be rescinded, do not apply. In this case the contract never was executed. Defendant was to give Plaintiff this lot, not to give him a piece of useless paper. Defendant had no title to the

lot, and consequently could not and did not convey it. He never fulfilled his contract. He had already granted his whole estate to Levoy. Instead of the contract being executed, the fraud vitiated the whole contract *ab initio*. Delivery of chattels makes a contract executed, yet if there be fraud, vendor may rescind and bring replevin or trover. Fraud is almost always shown by presumptive evidence. Such evidence is sufficient and generally the only attainable evidence. 18 *Wendell*, 353.

Is not the presumption of fraud irresistible from the admitted facts in this case?

*Fifth.*—It is not necessary the Plaintiff should offer to redeed. He obtained *nothing by the deed*, and consequently could *deed nothing*, and where the thing received is valueless, it is not necessary to return it. 2d *Denio*, 139.

(*a*) In any event it may be tendered on the argument, and the tender is here made. 2d *Sandford*, 421.

(*b*) But if the last part of Defendant's answer be true, it has already been tendered and accepted by Plaintiff in Error.

*Sixth.*—But fraud or no fraud, the pleadings show a total want of consideration for Plaintiff's agreement to take the lot in pay for his work. The Defendant agreed to give a lot he did not own as his own, and gave a lot he did not own as his own, thus seeking to pay his debts with another's property. There being then no consideration for the Plaintiff's agreement to take the lot for his work, the agreement is void and the Plaintiff may recover on his *quantum meruit*. It is an action in analogy to the equitable one of money had and received. 2d *Denio*, 139.

*Seventh.*—Defendant's allegation that since the commencement of this action, he has acquired a good title which appears by the record, is no defence.

(*a*) The Plaintiff by bringing this action, has rescinded the contract for the lot, as he had a right to do. 16 *Wend.*, 25. If rescinded, this Defendant cannot now offer to perform.

(*b*) It can be no possible defence to this action. It does not affect the question of fraud or want of consideration in any way whatever.

(c) The Code requires pleadings to state facts, and this part of the answer contains no facts but only the legal conclusion, that he has acquired title. It does not state a seizin or possession, nor a grant nor conveyance; such an averment is a mere conclusion of law and is no answer.

(d) If he had acquired title, the pleadings show a previous warranty deed to Levoy, and of course the title would enure to the benefit of Levoy, under the covenants in his deed.

(e) But the case must be tried on the facts as they existed at its commencement.

*Eighth.*—The judgment should be affirmed.

D. C. Cooley, Counsel for Plaintiff in Error.

Gorman & Peckham, Counsel for Defendant in Error.

*By the Court*—Flandrau, J. The doctrine that where, in the absence of fraud, the grantee in a conveyance of land, with covenants, &c., has obtained any benefit by the conveyance, or acquired any estate or interest whatever in the premises, he cannot set up defects, or want of title in his grantor, in defence of an action for the purchase money, nor rescind the contract and recover back what he has paid, but must rely upon his covenants, is too well settled to be now disputed, because as Chancellor Walworth says in *Talmadge vs. Willis*, 25 *Wend.* 115, "It is a well known fact that land is frequently conveyed with general warranty, which is warranty against eviction only, when both parties to the sale perfectly understand that the title is doubtful, or that there is some outstanding contingent interest which may perhaps at a future period be the means of evicting the purchaser, and to protect the purchaser and enable him to recover against the vendor in case of eviction, the covenant of warranty is inserted in the deed."

These covenants are inserted in deeds on the supposition that there may be some outstanding title which may defeat that of the purchaser, and as his reliance and protection in such an event. *See also* 21 *Wend.* 131; 5 *Paige*, 299; 2 *John. Ch. R.* 519.

It is also equally well settled that when a party enters into a contract which is a fraud upon him, he may upon the discovery of the fraud, rescind the contract, and bring his action to recover whatever he has paid upon it, or for the value of services or materials he may have rendered, or furnished under it; and its being a contract for an interest in lands does not change the rule, whether by parol or in writing. 16 *Wend.* 25; 6 *John. R.* 110; 1 *Denio* 69; 2 *Kent's Com.* 7th *Ed. p.* 569.

The complaint notwithstanding it does not allege the nature of the estate or interest conveyed to Levoy by the Defendant previous to the conveyance to the Plaintiff, sufficiently alleges the fraud, because it clearly states, that at the time of the making of the contract with Plaintiff for the work and materials, the Defendant well knew that he was not the owner of the land nor in the possession of it, but falsely represented himself so to be, with intent to deceive the Plaintiff, and that the Plaintiff relying upon these representations was induced to enter into the contract.

Fraud is defined to be " every kind of artifice made use of by one person for the purpose of deceiving another." *Burrill's Law Dic.*, 518, *part* 1. And again, " Deceit in grants and conveyances of lands, and bargains, and sales of goods, &c., to the damage of another person, which may be either by the suppression of the truth, or suggestion of a falsehood." *Jacob's Law Dic., Vol.* 3, *p.* 129. If the Defendant by representing to the Plaintiff facts about the ownership or possession of the land which he knew to be false, induced him to enter into a contract which he otherwise would not have done, and which is to his damage, then the contract was tainted with fraud and void.

The fraud is the gist of the action, and the only issue that is taken by the answer; without the fraud to vitiate the special contract, to take land for his labor, the Plaintiff cannot maintain his action, but has been paid in full by the conveyance of the land. .

The mere giving the deed to the Plaintiff, while there was a " warranty deed in writing," on record, of the same land to Levoy, would not *per se* have constituted a fraud, because there

may have been, and frequently does exist a condition of things which would make it perfectly safe for the purchaser to take a deed of land under such circumstances, and rely upon his covenants for his security against the outstanding title, and such a transaction could take place in perfect good faith.   It is the false representations that such was not the case, intended to deceive the Plaintiff which made the transaction fraudulent.

The answer of the Defendant puts in issue the representations, and that the Plaintiff relied upon them in the making of the contract; also, that Levoy was in possession of the lot. He alleges that at the time he agreed to convey the lot to Plaintiff, and at the time he did convey it to Plaintiff, he was the owner of it, (the truth of what Plaintiff alleges to have been represented,) and had a good right to convey it, and the Plaintiff had a right to take possession of the land ever since the conveyance to him without obstruction.   These facts established, must give the Defendant judgment, as it would be a finding of the issue of fraud for the Defendant; and the fraud apart, the Plaintiff has no cause of action.   The form of the demurrer is sufficient.

The Court erred in sustaining the demurrer to the answer; the judgment should be reversed.