WILLIAM D. LOWRY, Respondent, *vs.* MOSES HURD, *et als.*, Appellants.

APPEAL FROM THE DISTRICT COURT OF OLMSTED COUNTY.

In an action to foreclose a mortgage for the purchase money of premises, conveyed by the mortgagee to the Defendants by deed containing covenants of seizin, warranty, &c., the Defendants may set up as a counter claim, breach of the covenant of seizin, to the whole or a part of the premises, and have their damages set off against the amount of the Plaintiff's demand.

Points and Authorities for Appellants.

I.—The firm of " Harris, Cowles & Co.," as a firm, could not become a grantee by their firm name. Natural persons and corporations only are capable of becoming parties to con-

veyances of real estate.   The deed to them and to James H. Harris jointly, was at law a conveyance to James H. Harris only, and no resulting trust accrued to the members of the firm because they paid the purchase money or any part of it. *Comp. Stat.* 382, *sec.* 7; 8 *John. R.* 385.

The various records of deeds and powers of attorney, offered in evidence by the Plaintiff to show a claim of title from " Harris, Cowles & Co." to himself, were not receivable in evidence, because the instruments themselves not being executed and proved as required by the laws of this State, could not properly be recorded ; and being recorded contrary to law, the records are not admissible evidence under the statutes. *Comp. Stat.* 400, *sec.* 26; *Wood vs. Weiant*, 1 *Com.* 77; *Morris vs. Keyes,* 1 *Hill*, 540; *Cow. & Hill's Notes, to Phil. Ev. p.* 1044 *to* 1051, *Note No.* 702.

II.—Assuming, then, that the Plaintiff never had any title to an undivided fourth part of the premises sold, the covenant of seizin in the deed from the Plaintiff to the mortgagors was broken the moment the deed was delivered, and an immediate cause of action thereon accrued to the grantees. *McCarty vs. Leggett*, 3 *Hill* 134 ; *Bingham vs. Widderwax*, 1 *Com.*, 509; 2 *Hill on Real Prop.* 403, *secs.* 1, 12, *and cases cited in chap.* 88 *of that work.*

The claim that the eviction is a necessary prerequisite to a recovery on the covenant of seizin would reduce the covenant to one of warranty merely.

III.—The measure of damages is the actual consideration paid or secured, with interest, and when the title fails to an undivided portion of the property a like proportion of the actual purchase money is then the measure of damages, with interest on that portion. *Guthrie vs. Pugsley*, 12 *John. Rep.* 126 ; *Morris vs. Phelps*, 5 *John. Rep.* 49 ; 2 *Hill. on Real Prop.* 417 ; *Parker vs. Brown*, 15 *N. H.* 176 ; *See works on Estoppel.*

IV.—Damages arising from a breach of the covenants in a conveyance can now be set off in an action brought to collect the purchase money, and foreclose a mortgage taken for its security.

Before the Legislature established the present rule, *Comp.*

*Stat.* 541, *secs.* 70-1-2-3, the leading case in America seems to have been that of *Abbott vs. Allen's Ex.* 2 *John. Ch.* 519, decided by Chancellor Kent and referring to *Bumpus vs. Planter,* 1 *John. Ch.* 213, which cases were approved by Justice Bronson in *Edwards vs. Bodine,* 26 *Wend.* 109; 1 *Hill. on Mort.* 565 *to* 570 ; *Story Eq. Jur. secs.* 33 *and* 49 ; *Comp. Stats.,* 480, 481 *and* 541.

Points and Authorities of Respondents.

I.—The record in this case discloses no complaint of error in the Court below, except in its findings upon the issues made by the second and third answers of Appellants, and replies thereto by Plaintiff. The only questions that can be of the least importance for this Court's consideration, arise under the second answer, alleging defect of title and seizin in the Plaintiff of the undivided fourth of the premises conveyed, as being outstanding in James H. Harris, and the consequent damage to the Appellants.

This defence is technical, and the Court below correctly decided that as the pleadings and proofs show the relations of the parties to be, it could not be made available as a defence. If admissible at all for the purpose sought, it presents the question whether from the proofs there is shown in fact a substantial, not technical, defect of title and ownership in the Plaintiff, such as to have worked an actual, substantial present damage to the Defendants.

The evidence of Plaintiff's full legal title to the premises sold, was not the main inducement to the purchase ; it was the property itself, its use and enjoyment. To these the record shows the three Defendants, Moses Hurd, Taylor and Daniels, purchasers from the Plaintiff, succeeded under the deed of the Plaintiff, and still continue them in undisturbed security.

The Plaintiff's deed conveyed to the three Defendants with full covenants, all his right and interest in the premises sold, whether legal or equitable, which it was competent for him to do. The mere question of legal title or seizin in law is not the issue tendered, and is not material to be determined.

The mistake under which the counsel for Appellants seems to labor is, in considering the question as if it were an action directly between parties to try possessory title, and as the law formerly stood, where evidence of legal title only would prevail. According to this view the Plaintiff, at the time of his conveyance to the Defendants, might have been (and which was the fact) the actual, beneficial and equitable owner of all the interest in the premises conveyed, but because of a mere technical defect of perfect legal title outstanding in a person who never had any actual interest, and who never can assert any right against the Appellants or any one else, yet the Plaintiff must be subjected to substantial damages in an abatement of his demand. The transferred equity of the Plaintiff invests the Appellants with full power to perfect the legal title or to resist its attempted enforcement by the person in whom it wrongfully exists.

There is no proof or attempted proof admissible for the purpose, to show that the Appellants have sustained any actual damage by the alleged breach of this covenant. But it is claimed that if the Plaintiff should be found not to be legally seized of any part or interest in the premises, it should be conclusive as to the full measure of damages sought, and the Court is gravely referred by counsel to the legal rule of damages as applicable to this case. The absurdity of this view would not seem to comport well with the rules of law or common sense.

But irrespective of the proofs, it is claimed and insisted by the Plaintiff, that the partial defect of title alleged in this answer cannot be set up as a defence in the action at all, and the following authorities are referred to. *Bumpus vs. Planter* 1 *John Ch. Rep.* 213; *Abbott vs. Allen,* 2 *id.* 519; *Leggett vs. McCarty,* 3 *Edw. R.* 124; *Edwards vs. Bodkin,* 26 *Wend.* 655; *Tallmadge vs. Wallis,* 25 *Wend.* 106; 1 *Hill on Mortgages,* and authorities there cited ; *Brown vs. Manning,* 3 *Minn. Reps.* 35.

II.—To the objection of counsel that Plaintiff having taken issue on this answer, it is now too late to make objection to its sufficiency, I simply reply, that joining in an immaterial issue found against the party tendering it, either by rejecting

the testimony offered under it, or upon the facts proved, is ground of error and cause for reversal; it must rest on some rule of law with which I am not familiar, and which seems not to be stated by the counsel.

The objection that "Harris, Cowles & Co." could not take as grantees in their firm name, and the reference made to *Comp. Stat. p.* 382, *sec.* 7, to make James H. Harris the passive instrument of the whole estate, can have no application in the relation of parties to this suit.

The rule excluding parol evidence, to show the real facts, could in any case only apply to a suit between parties to the instrument, and even as between parties to the instrument, equity would admit parol evidence to contradict the express terms of the writing and show the truth, 1 *Greenl. Ev. sec.* 296 *a.* As between third persons not parties to the instrument, there is no excluding rule. Equity will always admit evidence to show the real design and intent of the parties; will ascertain the truth and administer substantial justice. But this parol evidence is not in contradiction, it is really in support of the deed, of intrinsic facts, and is clearly allowable in any case. 1 *Greenleaf on Ev. sec.* 288; 2 *Cruise on Real Prop. p.* 620 *and notes;* 7 *How. U. S. p.* 576; 1 *Ohio Reps.* 478.

If the defence set up were admissible at all, "the onus of showing a total failure of consideration lies upon the Defendants." Actual damage as resulting from the breach must be shown. This proof is original and must be affirmatively shown by Defendants. 2 *Hill. on Real Estate* 411, *and authorities there cited.*

As to five-sixths of the property conveyed, the substantial covenants of the Plaintiff have passed to the assignees of Defendants, and they alone are entitled to claim their benefits for future indemnity, if their title or possession is disturbed.

In a well considered opinion made by Judge Blackford, reviewing the English and American authorities, in *Martin vs. Baker,* 5 *Black,* 232, the covenant of seizin is decided to run with the land, and for its breach, vests the right of action in the assignees. The reasons there given seem to be so conclu-

sive that their adoption by this Court would be confidently urged, if the determination of the question necessarily arose in the decision of this case. But there is no occasion to discuss the office of this covenant, because its breach at most is merely technical, and equity will not lend its aid to enforce an unconscientious demand. The parties now seeking to avail themselves of its benefits, show no claim for substantial damages, even if they were prosecuting suit for its breach. *Rawle on Cov. for Title*, 281 to 307.

The record in the case shows the defence in this respect to be wholly without merit, and should be disallowed.

CHAS. C. WILLSON, Counsel for Appellants.

E. A. McMAHON, Counsel for Respondent.

*By the Court*—ATWATER, J.—This was an action brought to foreclose a mortgage upon some two hundred and fifty lots in Rochester, Olmsted County, being for a balance due on the purchase money of said lots. Several defences were set up in the answer, only one of which it will be necessary to notice, in the view taken by this Court, of the ruling upon the same by the judge before whom the issue was tried. The second defence was substantially as follows :

That the mortgagors bought the mortgaged premises of the Plaintiff for $18,750, and took his deed with covenants of title, seizin and good right to convey. That title to one undivided fourth of the property had failed and that the Plaintiff was never seized of one undivided fourth of the premises, and that to five of the town lots the Plaintiff had no title whatever, and that from these five lots the Defendants had been evicted, and alleged damages sustained to the amount of one-fourth the purchase money, viz: $4,687.50 and interest, besides the value of the five lots, which they asked to offset against any sum found due the Plaintiff.

There was a reply putting in issue these allegations, except with reference to the five lots, which it is alleged, were described and mentioned in the deed by mistake. This issue,

among others, was tried by the Court by consent of parties in open Court.

Evidence was introduced by both parties touching this issue, and various objections were urged by the counsel for the Defendants, to the competency of the evidence offered by the Plaintiff, the most of the objections relating to the insufficiency and informality of the deeds and acknowledgements, through which Plaintiff derived his title to said fourth part. The evidence however was received by the Court, subject to the objections, the Court reserving its decision thereon until the testimony should all be in, and the case be finally submitted.

Upon the final submission of the case, the counsel for the Defendants again claimed and insisted that the testimony and records objected to, be excluded and not considered by the Court, "to which the Court then and there replied and held, that the second defence made in and by the answer, (save as to the five lots,) could not be set up or received to prevent a recovery by the Plaintiff in this case, and that the same was not a valid and sufficient defence, and thereupon the Court rejected all the evidence offered on either side in relation thereto."

This ruling of the learned judge was clearly erroneous. The ground upon which it was made is not stated, but it may be inferred that the Court supposed such a defence was inadmissible under the code. It has long been too well settled to admit of doubt, that the breach of a covenant of seizin constitutes a good cause of action, against the covenantor. If the Plaintiff never had any title to an undivided fourth part of the premises deeded to Defendants, there was a breach in the covenant of seizin as soon as the deed was delivered to the Defendants, and a cause of action then accrued in their favor against the Plaintiff. *McCarty vs. Leggett*, 3 *Hill*, 134; *Bingham vs. Widderwax*, 1 *Com.*, 509; *Hilliard on Real Prop,.* 2d vol., 403, *et seq.*; *LeRoy vs. Beard*, 8 *How.*, 451; 8 *Black.*, 76.

It is claimed by the counsel for the Respondents, that this defence is technical; that if admissible at all for the purpose sought, it presents the question, whether from the proofs there is shown in fact a substantial, not technical, defect of title and

ownership in the Plaintiff, such as to have worked an actual, substantial present damage to Defendants.

The counsel has here fallen into a grave error as to the nature of this defence. As a cause of action, breach of the covenant of seizin has always been regarded with favor by the Courts, eviction not being a pre-requisite in order to sustaining it, nor could it be defeated by showing that the grantor had acquired title previous to the commencement of the action. And indeed, a more serious ground of complaint can scarcely be conceived, than for a person to dispose of real estate for a large consideration, to which he had no right, while holding himself out as seized of a perfect title. Nor would the grantor stand in any better position, were it true, as claimed by Respondent, that the grantees have the right or power to perfect the title in themselves. They have taken care to protect themselves against an emergency of this kind, and it was the grantor's business to see that his covenant was kept when he executed the deed. Nor can we examine the proofs offered, to determine how nearly the grantor succeeded in proving a legal or equitable title, or whether his grantees sustained damages from defect of title, for these proofs are not properly before this Court for consideration, having been all rejected by the Court below. That Court has never passed upon these proofs, farther than to decide they had nothing to do with the case. Nor indeed, is any issue of this kind raised by the pleadings. The reply fully traverses the allegation in the answer, alleging that the Plaintiff had good right to convey, &c., and does not admit and attempt to justify by subsequently acquired title, nor allege that from failure of title the Defendants sustained no damages. And even were the proofs to be considered, they are not of a nature to strengthen the equities of the Plaintiff, since he only attempts to trace down a legal title from his grantors.

Whatever might have been the rule under the former system of pleading, we entertain no doubt but that under the code, breach of the covenant of seizin may be set up as a counter claim, in an action to foreclose a mortgage given for the purchase money of the premises sought to be foreclosed. *Sec. 66, Comp. Stat., p.* 541, provides that the answer must

contain " a statement of any new matter constituting a defence or counter claim." The following section provides that " the counter claim mentioned in the last section must be an existing one in favor of the Defendant and against the Plaintiff, between whom a separate judgment might be had in the action, and arising out of the following causes of action : 1st, A cause of action arising out of the contract or transaction. set forth in the complaint, as the foundation of the Plaintiff's claim, or connected with the subject of the action."

The defence here set up comes within the requisitions here laid down. The claim is an existing one in favor of the Defendants, (or at least some of them,) and against the Plaintiff, and a separate judgment might be rendered between them in this action. It is also a cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the Plaintiff's claim. The complaint alleges that this mortgage was given for the purchase money of the premises, and it has been held by this Court that where premises are conveyed by deed, and a mortgage at the same time taken back to secure the purchase money, the whole constitutes but one transaction. The Defendants were not only at liberty to set up this claim, but by the 68th section, unless they did so, they could not thereafter maintain an action against the Plaintiff on such claim.

The counter claim here set up also comes within the second subdivision of section 67, to wit, " in an action arising on obligation, any other cause of action also arising on obligation, and existing at the commencement of the suit." In the case of *Lovejoy & Brockway vs. Morrison et als.*, decided at the last December term, we had occasion to examine this statute, and there held that the statute " blended the courts of law and equity, and permits and even enjoins the litigation and settlement of all equities existing between parties to an action in one suit, which formerly could be only enforced by way of cross action, or cross bill. It permits but one form of action for the settlement of all civil claims of a private nature." In that case the counter claim arose on contract, and a question was made as to whether the word obligation applied to such a case, a doubt which cannot here arise, since the contract of

the Plaintiff, the breach of which is complained of, was an obligation of as strong and binding a character as any known to the law. We think the defence here set up falls within the object and language of the statute, and that the Defendants are clearly authorized to litigate the breach of seizin in this action.

We have examined the authorities cited by Respondent to show that this defence is inadmissible, but do not think them applicable under the code. The case of *Abbott vs. Allen*, 2 *John. Ch.*, 519, decides that that case comes within the doctrine declared in *Bumpus vs. Planter*, 1 *John. Ch.*, 213; "that a purchaser of land who is in possession, cannot have relief here against his contract to pay, on mere ground of defect of title, without a previous eviction. If there be no fraud in the case, the purchaser must resort to his covenants, if he apprehends a failure or defect of title, and wishes relief before eviction. This is not the appropriate tribunal for the trial of titles to land." In the case cited in the first of Johnson, the question was not upon the breach of covenant of seizin, but of that of warranty. And in these cases the relief was denied, upon the ground that the court of equity was not the proper tribunal to grant it. The case of *Leggett vs. McCarty*, 3 *Ed. Ch. R.*, 109, is merely a recognition of the two cases cited in Johnson. The case of *Edwards vs. Boeline*, 26 *Wend.*, 109, was an appeal from chancery, and the same doctrine was held. It was also questionable in that case, whether the answer sufficiently alleged a defect of title. But it is stated, " that if there was a serious question about the title, and a suit had actually been commenced, to recover a portion of the land, chancery might enjoin the Respondents from proceeding at law to collect the whole amount of the mortgage debt, until the title had been tried," citing 2 *Johns. Ch. R.*, 546. In *Tallmadge vs. Wallis*, 25 *Wen.*, 106, which was an action at law on a bond for the payment of the purchase money for land, it was held, that where the purchaser has acquired any estate or interest whatever in the premises, or obtained any benefit by the conveyance, he cannot plead want of seizin in the vendor, in *bar* of an action for the recovery of the purchase money, but must, with his plea, give notice of the facts

vol vii.—47

he relies upon to reduce the amount of the recovery, as for a partial failure of consideration. Thus, none of these cases hold that a party complaining of a breach of seizin is not entitled to relief, but some of them hold that he must resort to a court of law for his remedy, and others that his pleading must be of a special nature. It cannot in this case be claimed that the parties are not before the proper court to grant relief, nor is any question made that the answer does not properly present the issue, and we cannot regard those cases as having any bearing upon the right of the Defendants to make this defence under the code.

The case of *Brown vs. Manning*, 3 *Minn.*, 35, is not analagous to this, and does not sustain the principle contended for by Respondent. In that case the Plaintiff sued upon a *quantum meruit*, and set out in his complaint the reasons why he did not sue upon the covenants in his deed, to wit: that the same was given and accepted by him under fraudulent representations. This would have been an analagous case, had the Defendants here brought suit to recover back the moneys paid by them, as for moneys had and received by Plaintiff to their use, on the ground that the deed was given and received through fraudulent representations. The remarks in the opinion in that case, were intended to show that the Plaintiff could not have sued upon the *quantum meruit*, except for the allegation of fraud, but must have relied upon the covenants in his deed. This is undoubtedly correct where a party sues to recover moneys paid, or for damages on the ground of defect of title. But it does not reach the question of the right of Defendants under the code, to plead breach of covenant of seizin, in an action to foreclose a mortgage for the purchase money. The Defendants here in fact, do rely upon their covenants, and the only question is whether they may plead them as a defence, or must be put to a separate action to enforce their rights. The court in which they are summoned, has not only full power to determine those rights, but is the same to which they must resort in case of suit brought on the covenant, and not a single substantial reason can be urged, it is believed, why the rights of all the parties should not be litigated and settled in this action, while the advantages of such

course are numerous and obvious. And as the statute not only does not forbid, but expressly enjoins such proceeding, it would seem that the courts should hasten to sanction every attempt to conform to a system pregnant with such important advantages. Whatever inconveniences and defects may be attributable to the code in other respects, we think in this its tendency is to diminish litigation, and to enable parties more cheaply and expeditiously to determine their rights.

With regard to the rule of damages applicable to this issue, it is deemed unnecessary for this Court to express an opinion, since that question does not appear to have been considered by the Court below. It is true, that the Defendants claimed, when the case was submitted, that they were entitled to recover, or have off-set against the claim of the Plaintiff one-fourth of the purchase money and interest, which claim was rejected by the Court. But this claim necessarily fell with the rejection of the second defence which was excluded by the Court. When that defence is entertained, if the same shall be proved, there is no reason to suppose that the Court will not apply the correct rule of damages in favor of the Defendants, in accordance with the facts proved, and the law applicable thereto.

The judgment of the District Court is reversed and a new trial granted.