ALBERT DUNG *v.* WILLARD PARKER.

A party, who, knowing it to be false, represented himself to be the agent of another, and as such agent to have authority to execute a lease of certain premises, and promised to execute, or procure the execution of a lease, when, in fact, he had no such authority or agency, is liable in damages to one who, believing the representations to be true, acted upon them, and incurred expense and loss thereby.

To entitle plaintiff to recover in such an action, he should show that the representations were made, and that they were false; that he acted upon them, believing them to be true, and that he has thereby sustained damages.

In such case, the plaintiff is entitled to recover such damages as are the natural

and necessary consequence of the wrong done, *è. g.* fixtures prepared for the premises, and storage and insurance paid on the same.

The fact that the promise was by parol of a lease for more than one year, and therefore void under the statute of frauds, will not relieve the defendant from liability in such a case. The statute was intended to apply to transactions between parties having the right and power. to make the necessary agreement, and was not designed for, and has no application to, any contracting party who. assumes to have, but has not, the right to contract in reference to the land designated.

Items of expenditures, induced by the defendant's promise in such a case, although not specially pleaded by the plaintiff, are admissible in evidence as a part of the *res gestæ* to show that the plaintiff relied and acted on the defendant's promise.

*Query*, whether a party having permitted evidence to be given upon the subject of damages, and having commented upon it without objecting to its admissibility, can, after the conclusion of the trial, avail himself of an exception in regard to it, on the ground that the items are too remote.

APPEAL by the defendant from a judgment entered on a verdict of a jury at trial term.

This action was brought to recover damages alleged to have accrued to the plaintiff by reason of the false representation of the defendant, that he had the power to give the plaintiff a lease of a certain drug store, and that he would do so.

The complaint stated, in substance, that the " College of Physicians and Surgeons, in the city of New York," in March, 1864, had the right and intended to lease a drug store at the north-east corner of Twenty-third street and Fourth avenue, in the city of New York, being a part of the college building. That the defendant assumed to the plaintiff to be the agent of the college in awarding the lease, and to have the right to promise it, or agree for it, with the plaintiff. That as such assumed agent, he promised the plaintiff a lease of the store, in the name and behalf of the college, for either three years from May 1, 1864, at $1,000 per annum, or for two years, from May 1, 1865, at the same rent. That the plaintiff notified the college of his desire to have, and willingness to accept, a lease for two years, from May 1, 1865, at the same rent; that he gave a similar notification to the defendant; that he requested and demanded such a lease from both the college and the defendant;

the former repudiating the defendant's agency, and withhold-
ing the lease, and the latter denying that he promised any such
lease to the plaintiff, or that he was empowered to act as the
agent of the college in that behalf.    That the plaintiff, relying
upon the defendant's promise and assurance, and upon the
faith of the lease, had contracted for decorative carpenter work
(for the store) with Messrs. Maurer & Vogel, which had been
got out to the value of $1,900, and which, not being suited to
any other store, was not worth more than $300, and so a loss of
about $1,600 to the plaintiff; that he had paid out about $250
for storage, cartage, insurance, &c., on account of the carpenter
work; that the loss of his own time, in the premises, was about
$170.    That the defendant had been duly notified of what the
plaintiff had done, and that he knew, at the time of promising
the lease, that the plaintiff meant to do as he had done; that
he had been asked to direct what disposition should be made of
the carpenter work actually got out for the store, which he re-
fused to do; that he had been notified that any disposition the
plaintiff made of it would be at his risk, for his benefit, and
that the loss would fall upon him.    Judgment was asked in
view of, and corresponding to, these allegations, including the
full value of the carpenter work, or its value, less the $300
aforesaid, with interest, &c.

The answer denied specifically the material allegations of
the complaint, and, among other things, averred that the store
was subject to some right of the representative of one Van
Wyck (who had died while a tenant in possession) to a re-
newal of Van Wyck's lease, and that any lease intended to
be given out by the college was either to that representative or
to whoever would purchase Van Wyck's lease, with the con-
sent of the college; that the plaintiff was informed of this, and
that the college had never repudiated the defendant's author-
ity to act as their agent, though he had never claimed the
right, &c.    The action was tried before CARDOZO, J., and a
jury.    On the trial, the judge charged the jury specially to
find whether the plaintiff had lost any time in fitting up the
store, and if so, its value.

The jury found a verdict for the plaintiff of $1,886.91⅓, of

which $53.33⅓ was for loss of time. From the judgment entered on the verdict, the defendant appealed to the general term. The charge of the court and the exceptions sufficiently appear in the opinion of the court.

*Wright & Merrihew* and *Wm. Henry Arnoux,* for appellants.

I. The court erred in permitting testimony to be given in reference to orders and expenditures made by the plaintiff, for which no claim was made against the defendant.

If relevant, it was incompetent to establish the measure of damages. If evidence has been improperly received at a trial, the court will grant a new trial, unless they see clearly that the reception of the evidence could not have weighed with the jury (2 Phillips' Ev. 4 Am. ed. 1,012; *Worrall* v. *Parmelee,* 1 N. Y. 519; *Shorter* v. *People,* 2 N. Y. 193; *Taylor* v. *Church,* 8 N. Y. 452, 460; *Oakly* v. *Marshall,* 29 N. Y. 494).

II. It was error to allow parol testimony to be given in respect to the promise for a lease. The parol promise of a lease for two or three years was void under the statute of frauds. It would create an interest in land, and no such interest for a term exceeding one year can be created by parol (2 R. S. 134, § 6). This is distinguishable from the case of a promise to pay for work done and performed by the plaintiff for the defendant at his request, in a manner that could not be proved by parol, *e. g.,* to convey land, and where a recovery could be had on a *quantum meruit* (*Rickard* v. *Stanton,* 16 Wend. 25; Sedgwick on Damages, 193). The false representation of authority to give a lease neither damaged the plaintiff nor formed the foundation of the action. The gravamen of the complaint is, that the plaintiff acted upon and confided in the *promise,* but where a promise is void, a false representation of the right to make such promise imposes no liability.

III. The plaintiff never accepted the offer of defendant. The acceptance of the offer, to be binding, must be uncondi-

tional, and in the exact terms of the offer (*Dana* v. *Munro*, 38 Barb. 528).

IV. The plaintiff knew that Van Wyck had a privilege for the renewal of his lease, and the defendant could not be held for expressing his opinion that Van Wyck could not get the renewal. Open and visible possession is notice to the world of the rights of the party in possession (*Taylor* v. *Fleet*, 4 Barb. 108 ; *Hadduck* v. *Wilmarth*, 5 N. H. Rep. 187 ; *Colby* v. *Kenniston*, 4 *id.* 262 ; *Townsend* v. *Ward*, 1 *id.* 11 ; *Norcross* v. *Midgay*, 2 Mass. Rep. 508 ; *Kennedy* v. *Green*, 3 My. & K. 719), possession under an agreement to lease is a letting (*Averill* v. *Taylor*, 8 N. Y. 44 ; *Hurlbut* v. *Post*, 1 Bosw. 28 ; *Hallet* v. *Wylie*, 3 Johns. 44). One party is presumed to know the law as well as the other, and each contracts at his peril as to the legal effect of what is done ( *Walker* v. *Bank of New York*, 9 N. Y. 587).

V. The measure of damages should be the difference between the yearly value of the premises and the rent (*Trull* v. *Granger*, 8 N. Y. 115 ; *Tracy* v. *Albany Exch. Co.* 7 N. Y. 472). In an action to recover damages for failure to give possession, the rule of damages is the difference between the yearly value of the premises and the rent reserved (*Dean* v. *Roesler*, 1 Hilt. 420 ; *Masterton* v. *Mayor of Brooklyn*, 7 Hill, 67 ; *Giles* v. *O'Toole*, 4 Barb. 261 ; *Lawrence* v. *Wardwell*, 6 Barb. 423 ; *Strutt* v. *Farlan*, 16 Mees. & W. 249) ; but this is not the measure of damages if the lease is not assignable, as was the case here (*Benkard* v. *Babcock*, 17 Abb. 421). On a breach of contract, the injured party cannot recover any other damages than such as would naturally be expected by both parties at the time it was made to follow its violation (*Landsberger* v. *Mag. Tel. Co.*, 32 Barb. 530 ; *Griffin* v. *Colver*, 16 N. Y. 489 ; *Hadley* v. *Baxendale*, 26 Eng. Law & Eq. 398 ; s. c. 9 Exch. 341).

*George Owen* and *John Graham*, for appellant.

I. The complaint shows the scope of the action. The defendant is not sued for a violation of an agreement to give the plaintiff a lease, when he, as principal, or as the agent of the

Dung v. Parker.

college, could have given out such a lease, if so inclined. The basis of the action is *a false and fraudulent warranty of an agency, with its incidental powers, which never existed,* coming directly within the decision of the Court of Appeals in *White* v. *Madison* (26 N. Y. R. 117). The statute of frauds has no application whatever. The object of that statute was, to bar or nullify a verbal agreement for a lease of land for a longer period than one year, *where the principal or the agent could make the lease.* The statute contemplates a case where the lawful owner or agent merely agrees, in words, to give out a lease for a longer period than a year, and goes no further. The plaintiff claims nothing for the loss of the lease, but simply the damage with which he was wantonly permitted, and fraudulently, to saddle himself. The following authorities sustain this action : *Rickard* v. *Stanton,* 16 Wend. 25 ; *Benton* v. *Pratt,* 2 Wend. 385.

II. The measure of damages should be the expenditures superinduced by the false or fraudulent promise of the defendant (*Benton* v. *Pratt,* 2 Wend. 385 ; *Driggs* v. *Dwight,* 17 Wend. 71 ; *Erben* v. *Lorillard,* 19 N. Y. 299 ; *White* v. *Madison,* 26 N. Y. 117).

III. The plaintiff was not bound to ascertain anything from the tenant then in possession (*Mead* v. *Bunn,* 32 N. Y. 275).

By the Court.—Brady, J.—The plaintiff by this action sought to recover from the defendant the damages which he had sustained in consequence of the unwarranted assumption of authority or agency by the latter, resulting in an absolute promise on his part to give a lease to the plaintiff of the drug store, at the northeast corner of Twenty-third street and the Fourth avenue, for a 'period of not less than two years, and upon which promise the plaintiff relied and acted to his pecuniary injury. Upon the evidence relating to this charge, and which was conflicting in its character, the jury have found in favor of the plaintiff. The presiding Judge, in charging them and in submitting to them the question, gave to the defendant all the legal advantages to which he was entitled. He said, " But if you believe that the assertions were made as the plain-

tiff claims, then other questions arise: 1st. Did the plaintiff know that the statements which he says were made by Dr. Parker as to his authority or the implied representations from the promise of a lease (if you find that to be the fact in that respect), knew they were false when made or before he acted upon them? If he did, he cannot recover, because to entitle him to recover he must satisfy you—

1. That the statements were made.

2. That they were false, which is not disputed, if they were made.

3. That he acted upon them, believing them to be true.

4. That he has thereby sustained damage. The jury thus instructed, having, as already stated, found in favor of the plaintiff, and by that finding established the charge of the plaintiff against the defendant of the fraudulent assumption of authority upon which he relied and acted to his injury, is there any element developed by the evidence or arising from the circumstances surrounding and relating to that issue, which relieves the defendant from liability. We are advised of this fact only—that the promise was by parol of a lease for more than one year, and was void under the statute of frauds, and it must be assumed that such is the fact, inasmuch as the correspondence between the parties does not in itself, unaided by parol evidence, show that the defendant made the absolute individual representation and promise on which the plaintiff relies, and upon which his action is based. Is this sufficient to defeat the plaintiff's claim? The statute of frauds in reference to contracts for land was intended to apply to transactions between parties having the right or power to make the necessary agreement. It pre-supposes such right or power, and also that but for its provisions a verbal contract relating to the subjects embraced within it would be effective in its operation upon the contracting parties. It was not designed for, and has no application to any contracting party who assumes to have but has not the right to contract in reference to land—to one who is not only destitute of title in, but has no representative individual power to contract in reference to the land designated. It was created for the protection of persons whose relations to

each other in reference to the subject-matter of their barter were *prima facie* fair and honorable. It was not passed for the safety of wrong-doers or as a shield against their transgressions. The defendant in this case, therefore, cannot avail himself of its saving clauses. It in no way enures to his benefit. He had no authority to contract as he assumed to do, and if the statute were not in existence he could not perform his engagement. He undertook to do what it was impossible for him to perform, and he knew it. We must assume this to be so upon the finding of the jury. He is not prosecuted for omitting to give the lease which he verbally promised to execute. His liability is not urged upon that ground. He is charged with fraud, which consists in falsely representing that he had the power to give a lease, and promising to do so when he possessed no such power, and knew that he did not. It is not necessary, therefore, to inquire whether there exists in this case facts and circumstances which, if he had had the power to give a lease, a court of equity would have compelled him to do so, which would otherwise be necessary. It is enough to create a right of action that the plaintiff, relying upon the defendant's representations and promise, wrongfully made, and upon which he had a right to rely, incurred expenses and losses. It is not to be questioned, that an action may be maintained for an unwarranted assumption of agency which results to the prejudice of another (*Rickard* v. *Stanton*, 16 Wend. 25; *Benton* v. *Pratt*, 2 Wend. 385; *White* v. *Madison*, 26 N. Y. 117). Having arrived at these conclusions, it follows that, unless some error was committed upon the trial for which the cause should be sent back, the judgment must be affirmed. The duty of affirmance is placed upon the wrong committed by the defendant in falsely assuming to possess the power of an agent, and the legal fraud resulting therefrom, and not upon either the sufficiency of the defendant's promise in writing or the existence of elements constituting a contract, which, assuming it to be in parol, a court of equity would, nevertheless, enforce, if the defendant had the power to perform. The first exception to which our attention was called, was the admission of evidence, in respect to orders and expenditures which the plaintiff

had given and made, but for which no relief was sought against the defendant. Such evidence was properly a part of the *res gestœ*. It tended to show that the plaintiff relied and acted upon the defendant's representations and promise. The refusal to charge as desired in regard to the alleged opinion of the defendant in reference to Mr. Van Wyck's lease was proper. The defendant's liability was not predicated of that opinion, which the form of the request assumed. The refusal to charge the measure of damages was correct. This is not an action to recover for a refusal to deliver possession of the premises, and the damages are those which were the natural and necessary consequence of the wrong done ( *White* v. *Madison, supra ; Passenger* v. *Thorburn*, 34 N. Y. 634). The remaining exception relates to the items of storage on the bill which was presented to the plaintiff, the greater part of which was paid by him, by Maurer & Vogel, whom he employed to make the fixtures for the store, and for loss of time in and about the preparation which the plaintiff was making to take possession of the premises, of which he was to have the lease. These fixtures were designed to make the store first class, and that determination met with the encouragement of the defendant who had not been entirely satisfied with the character of the then existing establishment. The amount which should be allowed the plaintiff for such loss of time was found by the jury to be $53.33. The evidence as to the storage and insurance was received and admitted without objection, and the bill of Maurer & Vogel, containing these items, was used and commented upon in their addresses to the jury by the counsel for both parties without objection from either. It was not until the conclusion of the charge of the presiding Judge that the defendant's counsel took exception to the consideration of those items, the Judge having advised the jury that they were properly allowable. It is questionable whether, when a party permits evidence to be given upon the subject of damages, and comments upon it without objecting to its admissibility, he can avail himself of an exception in regard to it, the trial having been concluded, upon the ground that the items are too remote. It is not necessary, however, to apply the rule that such a course

should not be countenanced. The storage and insurance were precautions which enured to the benefit as. well of the defendant as the plaintiff, and if necessarily incurred and legitimate charges against the plaintiff, should be allowed. No question of their validity was raised upon the trial. They were immediately identified with the principal pecuniary loss of the plaintiff, and are not more remote than the costs and expenses attendant upon an action to enforce an unwarranted contract by an assumed agent, which was allowed in the case of *White* v. *Madison* (*supra*). The allowance for loss of time was, however, too remote, and should be deducted. The plaintiff consenting thereto, the judgment herein will be affirmed for the balance. These exceptions embrace all that are presented upon the defendant's points, and the conclusions arrived at cover the whole of the defendant's case as it appears to us.