EFFIE BOARDMAN *vs.* ORTON P. WARD.

April 30, 1889.

**Recovery for Voluntary Services Induced by Fraud.**—Where one is induced under a mistake of fact, through the fraud or concealment of another, to render valuable services for the latter, he may recover the reasonable value thereof, though they were rendered without any expectation at the time of being paid for.

Appeal by defendant from a judgment of the district court for Goodhue county, where the action was tried by O. M. Hall, Esq., as referee.

*J. C. McClure,* for appellant.

*S. J. Nelson,* for respondent.

VANDERBURGH, J. The plaintiff sues to recover the value of her services alleged by her to have been rendered for defendant from the 16th day of July, 1885, to the 27th day of August, 1887. Defendant in his answer alleges that the plaintiff, at her own request, resided with him during the time referred to, and that the services were voluntarily rendered by her in assisting his wife in the household work, and that she received board, clothing, and care as a member of his family, which were an equivalent for such services. The case was

tried before a referee, and comes here upon appeal from a judgment in plaintiff's favor rendered upon the report of the referee. The record presents the findings of the referee, and but a single exception, which was taken to his ruling in refusing to dismiss the action after the evidence on both sides had been introduced; and the decision of the case on the merits turns upon the question whether the facts found supported the judgment. It appears from the findings that the defendant was the guardian of the plaintiff, who was an orphan, and as such had charge of her estate, and that from the time she was about eight years of age she "continued to reside at intervals with defendant until July 18, 1885," when she became of age, and in the mean time she rendered such services in his family as she was capable of, and was by him supplied with necessary and suitable board and clothing. She supposed that she was regarded as one of the family, and that her services were during all this time offset against her board and clothing, and she did not understand or suspect that she was to be charged with the latter and credited with the former in his account as guardian. After she became of age, she continued to reside with his family as before, until she left, in 1887; and it is found that during that time she worked for defendant in and about the care of his household for the full term of 107 weeks, and that her services were worth the sum of $214, exclusive of board, and that she received from him during that time certain sums of money and articles of clothing to the amount and value of $64.51. It is found, on the other hand, that the plaintiff did not in fact regard her as a member of his family, but as an employe and boarder, charging her in his account as guardian with the board and clothing furnished, and crediting her with her services, before and until she became of age, and "that chiefly by reason of the charges by him made as aforesaid in his account the moneys by him received as such guardian were exhausted, and he did not have, or claimed not to have, anything whatever belonging to her after the termination of his guardianship." He did not render any account of his guardianship till April 4, 1888, when it was filed, and it appears therefrom that the estate was fully exhausted. Up to that time he had not informed her that he had kept any such account of the amount of his expenditures for her and

of the value of her services, and, until about the time she left his service, "she understood and believed that the moneys which defendant held in trust for her as her guardian remained intact and undiminished by any charges for her support and maintenance, and that she would receive the same whenever she left his household," all of which he well knew; and that he not only concealed from her the true state of the case, and his purpose to make any such charges, but so conducted himself as to encourage and strengthen such understanding and expectation. So that, in short, as she claims, relying upon his good faith as her guardian, she was kept in ignorance of their true relations, and was induced to remain and render the services in question through his deceit and her own mistake; and upon discovering the fact that he had in reality been dealing with her as a servant, and had charged her with her support to the amount of her estate, she repudiated the relation as she had previously understood it, and now seeks to charge him in the relation in which he has elected to treat her as her guardian. We think this claim supported by the record. He will not now be permitted to change his ground, and take advantage of her ignorance and his fraud to treat her as a member of his family, so as to defeat her claim for services. Under such circumstances the law will raise an obligation to pay what the services are reasonably worth, and *assumpsit* will lie to recover the same. Wood, Mast. & Serv. (2d Ed.) § 68; *Rickard* v. *Stanton*, 16 Wend. 25; and see 1 Pom. Eq. Jur. § 182. There can be no objection, therefore, to the form of action, or to the complaint, since the law will in such case imply a promise on the part of the person who has received the benefit of the services. Bliss, Code Pl. § 128.

Judgment affirmed.